UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MONTY THEODORE TRAVIS ET AL**    **CASE NO. 6:21-CV-02133**

**VERSUS**    **JUDGE ROBERT R. SUMMERHAYS**

**FORD MOTOR CO**    **MAGISTRATE JUDGE CAROL B. WHITEHURST**

### MEMORANDUM RULING

Presently before the Court is the Motion for Summary Judgment [ECF No. 16] filed by defendant, Ford Motor Company ("Ford"). No response to the motion has been filed.

## I.
### BACKGROUND

Monty Theodore Travis and Cleco Holdings, Inc. (collectively "Plaintiffs") filed a Complaint against Ford alleging that on May 18, 2021, Plaintiffs purchased a new 2021 Ford F-150 from Hub City Ford which was defective in materials and workmanship.[1] The alleged defects included pre-collision assist defects, camera defects, electrical defects, cruise control defects, co-pilot assist defects, and safety devices.[2] Plaintiffs alleged that the defects to the vehicle meet the definition of a redhibitory defect as defined by Louisiana Civil Code Articles 2520, et seq.[3] Ford has now filed the present motion alleging that the defects alleged by Plaintiffs do not constitute redhibitory defects and are rather due to aftermarket installation of accessories added to the vehicle by Plaintiffs.

---

[1] Complaint, ECF No. 1, ¶ 6.
[2] *Id*. at ¶ 9.
[3] *Id*. at ¶ 16.

# II.
## LAW AND ANALYSIS

### A.  Summary Judgment Standard.

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[4] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[6] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[7]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[8] "Credibility determinations are not part of the summary judgment analysis."[9] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the

---

[4] Fed. R. Civ. P. 56(a).
[5] *Id.*
[6] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[7] *Lindsey v. Sears Roebuck and Co.,* 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[8] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[9] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).

existence of an element essential to that party's case, and on which that party will bear the burden of proof."[10]

### B. Application of Louisiana Law.

In a diversity case such as this one, the Court applies state substantive law. *Moore v. State Farm Fire & Cas. Co.,* 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The parties do not dispute that Louisiana law applies to this case.

### C. Redhibition.

Louisiana law provides as follows:

The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.

A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.

A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.[11]

Louisiana law also provides that "the warranty against redhibitory defects covers only defects that exist at the time of delivery."[12]

Ford has submitted evidence in the form of an Affidavit of Jacob Conroy[13] and a Vehicle Inspection Report[14] performed on July 13, 2021. The evidence demonstrates that the alleged defects to the vehicle were caused by the installation of "aftermarket power deployable running boards installed on the truck, which were connected to the DLC as well as hard-wired into network

---

[10] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catlett*, 477 U.S. 317, 322 (1986)).
[11] La. C.C. Article 2520.
[12] La. C.C. Article 2530.
[13] Exhibit A to ECF No. 16.
[14] Exhibit B to ECF No. 16.

circuits."[15] As no contrary evidence has been submitted by Plaintiffs, the entirety of the evidence in the record reflects that the alleged defects did not exist at the time of the delivery of the vehicle to Plaintiffs. For that reason, there is no genuine issue of material fact that there was no redhibitory defect present at the time of delivery of the vehicle by Ford to Plaintiffs. Accordingly, the Motion for Summary Judgment [ECF No. 16] is GRANTED.

        THUS DONE in Chambers on this 27th day of February, 2023.

 

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[15] *Id.*